## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOSHUA BENJAMIN,** | : | |
| **a Minor,** | : | **JURY TRIAL DEMANDED** |
| **by THOMAS BENJAMIN, and** | : | |
| **JANET BENJAMIN,** | : | |
| **as Natural Guardians,** | : | |
| 225 Mayberry Drive | : | |
| Lititz, PA 17543 | : | |
| Plaintiff | : | **CIVIL ACTION** |
| | : | |
| v. | : | **NO.:** |
| | : | |
| **JAMES B. FASSNACHT** | : | |
| **Pennsylvania State Police Officer** | : | |
| 21 Springhouse Road | : | |
| Ephrata PA 17522 | : | |
| | : | |
| AND | : | |
| | : | |
| **PA STATE POLICE CORPORAL BRAY** | : | |
| **individually and in his official capacity** | : | |
| 21 Springhouse Road | : | |
| Ephrata PA 17522 | : | |
| | : | |
| AND | : | |
| | : | |
| **LANCASTER COUNTY** | : | |
| c/o of Lancaster County | : | |
| Commissioners | : | |
| 50 North Duke Street | : | |
| Lancaster, PA 17602 | : | |
| | : | |
| AND | : | |
| | : | |
| **DAVID MUELLER,** | : | |
| **individually and in his official capacity as** | : | |
| **Director of the Lancaster County Office of** | : | |
| **Juvenile Probation** | : | |
| 50 North Duke Street | : | |
| Lancaster, PA 17602 | : | |
| | : | |
| AND | : | |
| | : | |

**CAROLE TROSTLE,**                                :
**individually and in her official capacity as**  :
**Probation Officer at the Lancaster County**     :
**Office of Juvenile Probation**                  :
    **50 North Duke Street**                 :
    **Lancaster, PA 17602**                  :
                                                  :
    **AND**                                  :
                                                  :
**DREW FREDERICKS,**                               :
**individually and in his official capacity**     :
**as Director of the Lancaster County**           :
**Youth Intervention Center**                     :
    **235 Circle Avenue**                    :
    **Lancaster, PA 17602**                  :
                                                  :
    **AND**                                  :
                                                  :
**JOHN DOE and JANE DOE**                          :
**individually and in**                           :
**their official capacity as Security Officers**  :
**at the Lancaster County**                       :
**Youth Intervention Center**                     :
    **235 Circle Avenue**                    :
    **Lancaster, PA 17602**                  :
                                                  :
              **Defendants**    :

## COMPLAINT

## I.  INTRODUCTION:

This is an action for money damages against defendants James B. Fassnacht, Corporal

Bray, Lancaster County, David Mueller, Carole Trostle, Drew Fredericks, John Doe and Jane

Doe for violations of plaintiff's Constitutional rights and 42 U.S.C. §1983.

## II.  JURISDICTION:

1.      This action is brought pursuant to 42 U.S.C. §§ 1331 and 1343 (1), (3), (4), and

the aforementioned statutory provisions.  Plaintiff further invokes pendent jurisdiction of this Court to consider claims arising under State law.

**III.**     **PARTIES:**

2.     Plaintiff Joshua Benjamin is a minor who resides with his parents in Lancaster County, Pennsylvania at the above captioned address.  Joshua Benjamin was born on November 18, 1996 and is currently 14 years of age.

3.     Thomas Benjamin and Janet Benjamin are the parents of minor plaintiff Joshua Benjamin and reside at the above address in Lancaster County, Pennsylvania.  They bring this action as natural guardians on behalf of minor plaintiff Joshua Benjamin and as plaintiffs in their own right on a derivative claim arising from their son's injuries.

4.     Defendant Trooper James B. Fassnacht, at all times relevant as described in this complaint, was a Pennsylvania State Police Officer  and was acting in his capacity as the agent, servant and employee of the Pennsylvania State Police with a business address as captioned above.

5.     Defendant Corporal Bray, at all times relevant as described in this complaint, as Pennsylvania State Police Officer and was acting in his capacity as the agent, servant and employee of the Pennsylvania State Police with a business address as captioned above.

6.     Defendant Lancaster County is and at all times relevant to this complaint was a municipal corporation organized and existing under the laws of the Commonwealth of Pennsylvania located at the above address in Lancaster County, Pennsylvania, and at all times relevant employed the defendants Fredericks, Mueller, John Doe and Jane Doe, and Trostle.

7.     Defendant David Mueller was, at all times relevant as described in this

3

complaint, the Director of the Lancaster County Office of Juvenile Probation and was acting in

his capacity as the agent, servant and employee of the Lancaster County Office of Juvenile

Probation and defendant Lancaster County. As Director he was the commanding officer of

defendant Probation Officer Carole Trostle, and was responsible for the training, supervision, and

conduct of said defendant as more fully set forth below. He was and is also responsible by law

for ensuring that probation officers with the Lancaster County Office of Juvenile Probation obey

the laws of the Commonwealth of Pennsylvania and the United States. He is being sued

individually and in his official capacity as Director of the Lancaster County Juvenile Detention

Center.

     8.     Defendant Probation Officer Carole Trostle was, at all times relevant, a duly

appointed and acting juvenile probation officer of the Lancaster County Office of Juvenile

Probation, located at the above address in Lancaster County, Pennsylvania. At all

times relevant, defendant Trostle was acting in her capacity as the agent, servant, and employee

of the Lancaster County Office of Juvenile Probation and defendant Lancaster County. She is

being sued individually and in her official capacity as a Lancaster County Probation Officer.

     9.     Drew Fredericks was, at all times relevant as described in this complaint, a

Director of the Lancaster County Juvenile Intervention Center and was acting in his capacity as

the agent, servant and employee of the Lancaster County Juvenile Intervention Center and

defendant Lancaster County. As Director he was the commanding officer of the defendants John

Doe and Jane Doe, and was responsible for the training, supervision, and conduct of said

defendants as more fully set forth below. He was and is also responsible by law for enforcing the

regulations of the Pennsylvania Department of Public Welfare and for ensuring that Lancaster

4

County Juvenile Detention Center security officers obey the laws of the Commonwealth of Pennsylvania and the United States.  He is being sued individually and in his official capacity as Director of the Lancaster County Juvenile Detention Center.

10.     Defendants Security Officers John Doe and Jane Doe, the names, gender, and numbers of whom are unknown at this time, were at all times relevant, duly appointed and acting security officers of the Lancaster County Youth Intervention Center, located at the above address in Lancaster County, Pennsylvania.  At all times relevant, defendants John Doe and Jane Doe were acting in their capacity as the agents, servants, and employees of the Lancaster County Youth Intervention Center and defendant Lancaster County.  They are being sued individually and in their official capacity as Lancaster County Youth Intervention Center Security Officers.

11.     At all times relevant hereto and in all the actions described herein defendants Frederick, Mueller, Doe, and Trostle were acting under color of law and pursuant to their authority as employees of Lancaster County, Pennsylvania.

## IV.    FACTS

12.     This is an action for money damages against defendants James B. Fassnacht, Corporal Bray, Lancaster County, David Mueller, Carole Trostle, Drew Fredericks, John Doe and Jane Doe for violations of plaintiff's Constitutional rights.

13.     On July 2, 2009 Trooper James B. Fassnacht was called to the plaintiffs' neighbor's residence concerning allegations of a verbal incident between minor plaintiff Joshua Benjamin, and plaintiffs' minor neighbors. At the time of the incident plaintiff Joshua Benjamin was 12 years old.

14. On July 3, 2009 Trooper James B. Fassnacht, (hereinafter Fassnacht) contacted plaintiff, Joshua Benjamin's father, Thomas Benjamin, and stated that charges will be filed against minor plaintiff at a later time.

15. On Friday, July 24, 2009 plaintiff Joshua Benjamin's parents, plaintiffs Thomas and Janet Benjamin received a telephone call from defendant Trooper James B. Fassnacht, who stated that Lancaster County Juvenile Probation has issued a warrant for plaintiff, Joshua Benjamin's arrest, citing one count of terroristic threats, a misdemeanor, and one count of harassment, a summary offense.

16. During the same telephone call, defendant Fassnacht informed plaintiff Thomas Benjamin that he will be transporting the plaintiff to the Lancaster County Juvenile Intervention Center later in the evening and threatened plaintiff Thomas Benjamin with arrest if he did not cooperate.

17. Because of the threats of defendant Fassnacht, plaintiff Thomas Benjamin brought plaintiff Joshua Benjamin to the Pa State Police Barracks in Ephrata.

18. At the State Police Barracks, plaintiff Joshua Benjamin was arrested and taken into custody by defendant Corporal Bray and defendant Fassnacht.

19. On Friday evening, July 24, 2009, defendant Bray transported plaintiff from his residence to the  Lancaster County Juvenile Intervention Center.

20. After arriving at the Lancaster County Juvenile Intervention Center defendant John Doe and Jane Doe ordered plaintiff Joshua Benjamin to remove all of his clothes. Once plaintiff was completely naked defendants John Doe and Jane Doe searched his clothes and conducted a strip search without reasonable suspicion. No contraband was found.

21.     After completing the strip search, plaintiff was issued detention facility clothing.

22.     After the strip search, Defendants John Doe and Jane Doe subjected plaintiff Joshua Benjamin to medical procedures, which included a TB test injection, without obtaining consent of minor plaintiff's parents.

23.     Plaintiff Joshua Benjamin was held in the Lancaster County Juvenile Intervention Center from Friday evening, July 24, 2009 until Monday morning, July 27, 2009.

24.     A Master's hearing was held on Monday morning, July 27, 2009, and resulted in plaintiff, Joshua Benjamin being released to his parents without any restrictions.

25.     For the duration of plaintiff Joshua Benjamin's detention at the Lancaster County Juvenile Intervention Center, minor plaintiff had no access to legal counsel or his parents.

26.     The foregoing conduct of the defendants, acting under color of state law, was undertaken in concert and conspiracy and as part of an effort to unlawfully arrest, unlawfully strip search and unlawfully detain plaintiff Joshua Benjamin and otherwise deprive him of his civil and constitutional rights including plaintiff's rights, privileges and immunities under the Fourth and Fourteenth Amendments to the United States Constitution and the laws of the Commonwealth of Pennsylvania.

27.     The foregoing actions of the defendants  were without legal justification, thereby violating plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution and his rights under the Constitution and laws of the Commonwealth of Pennsylvania.

28.     At no time did plaintiff manifest an exceptional security concern, or commit any illegal acts or engage in any conduct, for which detention and strip search may lawfully be conducted.

29.     Plaintiff alleges that defendant Fassnacht, Bray, Mueller, Trostle, John Doe and Jane Doe failed to provide adequate protection for the plaintiff, subjected the plaintiff to unlawful arrest, detention and strip search, and failed to provide appropriate protection concerning the rights of juvenile suspects, amounting to gross negligence and/or reckless and/or deliberate indifference to the safety of the plaintiff.

30.     Further, defendants Drew Fredericks David Mueller, and the County of Lancaster are directly liable and responsible for the acts of individual defendants because, upon information and belief, they repeatedly and knowingly failed to enforce the laws and guidelines of the Commonwealth of Pennsylvania and the Juvenile Act, pertaining to the protection of juvenile offenders and detainees, thereby creating an atmosphere of lawlessness in which the police, probation officers and security officers fail to protect juveniles in the belief that such acts would be condoned and/or justified by their superiors.

31.     As a direct and proximate result of the defendants' actions, plaintiff suffered and continues to suffer severe mental anguish, psychological and emotional distress, embarrassment, humiliation, and pain and suffering, some or all of which may be permanent.

32.     As a direct and proximate result of the defendants' actions, plaintiff has suffered and continues to suffer damage to his personal reputation.

33.     As a direct and proximate result of the defendants' actions, plaintiff was illegally arrested, detained, subjected to physical abuse, and unlawfully strip search without just or probable cause or reasonable suspicion that plaintiff Joshua Benjamin possessed contraband.

34.     At no time did plaintiff pose a threat to Defendants or to others.

35.     The actions of the defendants were undertaken in a menacing and arbitrary manner, deigned to cause plaintiff fear, distress and embarrassment.

36.      The acts and omissions of defendants Fassnacht, Bray, Mueller, Fredericks, Trostle, John Doe and Jane Doe were committed willfully, wantonly, maliciously, intentionally, outrageously, deliberately and/or by conduct so egregious as to shock the conscience.

37.     The acts and omissions of the individual defendants were committed without conscious regard to due care, and with such wanton and reckless disregard of the consequences as to show defendants' indifference to the danger of harm and injury.

38.     The individual defendants conspired to inflict harm on plaintiff Joshua Benjamin and deprive him of his constitutional rights.

39.     Defendants Fassnacht, Bray, Mueller, Fredericks, Trostle, John Doe and Jane Doe engaged in the aforesaid conduct for the purpose of violating plaintiff's constitutional rights by subjecting him to unreasonable search and seizure, unlawful detention, unlawful strip search, thereby depriving plaintiff of property and liberty without due process of law.

WHEREFORE, Plaintiffs file the within Civil Action Complaint and request judgement against defendants jointly, severally and in the alternative in a sum in excess of $150,000.00 plus punitive damages, interests, costs, attorney fees pursuant to 42 U.S.C. §1988 and damages for delay.

9

## V.    CAUSE OF ACTION

### COUNT I

### PLAINTIFFS
### V.
### MUELLER, TROSTLE, FASSNACHT AND BRAY

Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 39 the same as if set forth at length herein.

40.    Defendants Mueller and Trostle acting as director of the probation department and probation officer respectively directed Pa State Police Officers to effect the arrest of plaintiff Joshua Benjamin illegally and without a warrant.

41.    Further, defendants Mueller and Trostle directed Pa State Police Officers to deliver plaintiff, Joshua Benjamin to the Lancaster County Youth Intervention Center and unlawfully detain him.

42.    Upon information and belief, the arrest of Joshua Benjamin was conducted without warrant from an issuing authority in violation of the Pa Rules of Juvenile Court Procedure 200 and 210.

43.    Upon information belief, defendants Fassnacht and Bray arrested the minor, plaintiff Joshua Benjamin without warrant in violation of PaRJCP Rule 200 and 210.

44.    Upon information and belief, defendants Fassnacht and Bray illegally placed plaintiff Joshua Benjamin in a detention facility from July 24, 2009 through July 27, 2009.

45.    Upon information and belief, the actions of defendants Mueller, Trostle, Fassnacht and Bray were in violation of rules of juvenile court procedure.

46.     The named defendants, acting under the color of state law and/or in concert or conspiracy with each other, have deprived plaintiff, Joshua Benjamin, of his rights and privileges and immunities under the laws and constitution of the United States in particular the right to be secure in one's person and property, to be free from unlawful detention, to be free from unlawful searches, unlawful strip searches and to due process of law.

47.     By these actions, the above named defendants have deprived minor plaintiff of his rights secured by the 4th and 14th Amendments to the United States Constitution in violation of 42 U.S.C. §1983.

48.     The named defendants, acting in concert and conspiracy with each other, have by the aforementioned actions deprived minor plaintiff of his constitutional and statutory rights.

49.     The named defendants subjected the plaintiff, Joshua Benjamin to these violations maliciously, arbitrarily or by acting with reckless disregard for whether the plaintiff's rights would be violated by their actions.

50.     As a direct and proximate result of the acts and omissions of the named defendants, plaintiff suffered severe personal injuries, more specifically set forth above, all to his great detriment and loss.

WHEREFORE, plaintiffs demand judgment against defendants jointly, severally, and in the alternative, in a sum in excess of $150,000.00, plus interest, costs, attorney's fees and damages for delay.

## COUNT II

## PLAINTIFFS
## V.
## JOHN DOE AND JANE DOE

Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 50 the same as if set forth at length herein.

51.    Defendants John Doe and Jane Doe, security officers for the Lancaster Juvenile Detention facility unlawfully ordered plaintiff Joshua Benjamin to remove all of his clothes and conducted a strip search of the plaintiff.

52.    Further, defendants John Doe and/or Jane Doe subjected plaintiff Joshua Benjamin to medical procedures which included TB injection without obtaining consent of minor plaintiff's parents.

53.    Defendants John Doe illegally detained plaintiff Joshua Benjamin in the Lancaster County Juvenile Intervention Center from Friday evening July 24, 2009 until Monday, July 27, 2009.

54.    The foregoing conduct of defendants John Doe and Jane Doe, acting under color of state law, was undertaken in concert and conspiracy and as part of an effort to unlawfully detain and strip search plaintiff, Joshua Benjamin, and otherwise deprived him of his civil and constitutional rights including plaintiff's rights, privileges and immunities under the 4th and 14th Amendments to the United States Constitution and the laws of the Commonwealth of Pennsylvania.

55.    Further, the conduct of defendants John Doe and Jane Doe amounts to an assault and battery under the laws of constitution of the Commonwealth of Pa.

12

56.     Defendants John Doe and Jane Doe subjected the plaintiff to unlawful detention and strip search and failed to provide appropriate protection concerning the rights of juvenile suspects amounting to negligence and/or recklessness and deliberate indifference to the safety of the plaintiff.

57.     The actions of defendant John and Jane Doe acting under the color of state law and/or in concert or conspiracy with each other deprived plaintiff of his rights, privileges and immunities under the laws and the Constitution of the United States in particular the right to be in one's person and property, be free from unlawful arrest, unlawful detention, unlawful searches, unlawful strip searches and to due process of law.

58.     Defendants Doe and Doe subjected the plaintiff to these violations either maliciously, arbitrarily or with reckless disregard for whether the plaintiff's rights would be violated by their actions.  As a direct and proximate result of the acts and omissions of the named defendants, plaintiff suffered severe personal injuries more specifically set forth above all to his great detriment and loss.


## COUNT III

### PLAINTIFFS
### v.
### DREW FREDERICKS AND DAVID MUELLER


Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 58 the same as if set forth at length herein.

13

59.   As supervising officers, it is the responsibility of defendants Drew Fredericks and David Mueller to assure that security officers and probation officers, respectively, act within the course and scope of their authority as such, provide protection of juvenile suspects, and do not violate the laws and statutes of the United States and the Commonwealth of Pennsylvania as well as the rules and regulations of the Lancaster County Juvenile Probation Department and the Lancaster County Juvenile Intervention Center.

60.   Defendants Fredericks' and Mueller's actions and omissions in failing to enforce the laws and regulations concerning the protection of juveniles were without provocation or legal justification and/or with deliberate indifference to whether such justification was present.

61.   Defendants Fredericks' and Mueller's actions and omissions were willful, malicious, intentional and/or deliberately indifferent, thereby placing plaintiff in extreme personal danger and violating minor plaintiff's rights under the laws and Constitution of the United States in particular 42 U.S.C. §1983 and the Fourth and Fourteenth Amendments and plaintiff's rights under the Constitution and laws of the Commonwealth of Pennsylvania.

62.   As a direct and proximate result of the aforesaid acts and omissions of defendants Fredericks and Mueller, minor plaintiff suffered severe personal injuries, more specifically set forth above, all to his great detriment and loss.

63.   The acts of defendants Fredericks and Mueller in permitting or encouraging injury to plaintiff were without just and legal cause, with reckless and deliberate indifference to the safety of the plaintiff Joshua Benjamin, thereby violating plaintiff's rights under the laws and Constitution of the United States, in particular 42 U.S.C. §1983 and the Fourth and Fourteenth

Amendments to the U.S. Constitution and plaintiff's rights under the Constitution and laws of the Commonwealth of Pennsylvania.

64.    The named defendants, acting in concert and conspiracy with each other, have by the aforementioned actions deprived plaintiff of his constitutional and statutory rights.

65.    By these actions, all defendants have deprived minor plaintiff of his rights secured by the Fourth and Fourteenth Amendments to the United States Constitution in violation of 42 U.S.C. § 1983.

WHEREFORE, plaintiffs demands judgment against defendants, jointly, severally and in the alternative in a sum in excess of One Hundred Fifty Thousand Dollars ($150,000.00) plus punitive damages, interest, costs, attorney fees, and damages for delay.

## COUNT IV

## PLAINTIFFS
### v.
## COUNTY OF LANCASTER, MUELLER, AND FREDERICKS

Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 65 the same as if set forth at length herein.

66.    Defendants County of Lancaster, Mueller and Fredericks permitted, encouraged, tolerated, ratified and were deliberately indifferent to a pattern, practice and custom of:

a)  Abuse of powers, including illegal and unreasonable arrest and detention and unlawful strip-searches;

b) Failure of officers to prevent, deter, report or take action against the unlawful conduct of officers under such circumstances as presented therein.

15

67.     Defendants County of Lancaster, Mueller and Fredericks were deliberately indifferent to the need to:

a) Monitor officers whom it knew or should have known engaged in unreasonable and illegal arrests, detention and strip searches

b) Train its probation officers and security officers in the appropriate exercise of police powers, including arrest, detention, security, supervision, investigation and discipline;

c) Restrain officers from using their status to have persons unlawfully arrested, detained and strip-searched, or to achieve ends not reasonably related to their duties;

d) Properly train, supervise and discipline officers with regard to such practices.

68.     Defendants County of Lancaster, Mueller, and Fredericks failed to properly sanction or discipline officers, who are aware of and conceal and/or aid and abet violations of constitutional rights of citizens by other officers, thereby causing and encouraging officers, including the defendant police officers, probation officer, and security officers in this case, to violate the rights of citizens such as plaintiff.

69.     The forgoing acts, omissions, systematic deficiencies and deliberate indifference to the danger of harm to citizens like minor plaintiff and the need for more or different training, investigation and discipline are policies and customs of the County of Lancaster and have caused police officers, probation officers and security officers, including the officers in this case, to believe that they can violate the rights of citizens with impunity, all with the foreseeable result that officers are more likely to violate the constitutional rights of citizens.

70.     As a direct and proximate result of the aforesaid acts, omissions, systemic deficiencies, policies and customs of defendant County of Lancaster and defendants Mueller and Fredericks, defendant officers violated plaintiff Joshua Benjamin's Fourth and Fourteenth Amendment rights and improperly engaged in unlawful arrest, unlawful detention and unlawful strip-search, thereby causing severe personal injuries, more specifically set forth above.

WHEREFORE, plaintiffs demand judgment against defendants jointly, severally, and in the alternative, in a sum in excess of $150,000.00, plus interest, costs, attorney's fees and damages for delay.

## COUNT V

## PLAINTIFFS THOMAS BENJAMIN AND JANET BENJAMIN
### v.
## ALL DEFENDANTS

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 70, the same as if set forth at length.

71.     Defendants knew, or in exercise of reasonable care should have known, that the above described  acts and/or omissions the illegal arrest, illegal detention and illegal strip search of their son  would result in serious emotional distress to plaintiffs Thomas Benjamin and Janet Benjamin, the minor plaintiff's parents.

72.     Through their acts and/or omissions alleged above, defendants acted with willful,

wanton, reckless, intentional, and deliberate disregard for the likelihood that plaintiffs would suffer severe emotional distress as a direct and proximate result of the unlawful arrest, unlawful detention and unlawful strip-search of minor plaintiff.

73.    Defendants's conduct as alleged above was extreme and outrageous, and went beyond all bounds of decency.

74.    As a direct and proximate result of Defendants' wrongful actions as described above, Plaintiffs Thomas and Janet Benjamin suffered severe emotional distress.

WHEREFORE, plaintiffs demands judgment against defendants, jointly, severally and in the alternative in a sum in excess of One Hundred Fifty Thousand Dollars ($150,000.00) plus punitive damages, interest, costs, attorney fees, and damages for delay.

## COUNT VI

### PLAINTIFFS
### v.
### ALL DEFENDANTS

Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 74 the same as if set forth at length herein.

75.    The herein described conduct of individual defendants was malicious, wanton, willful, reckless and intentionally designed to inflict grievous bodily harm and mental distress upon the persons of the plaintiffs.

76.    As a result of the malicious, wanton and willful, reckless and intentional conduct of defendants, plaintiffs demand punitive damages.

WHEREFORE, plaintiffs demand judgment against defendants, jointly, severally and in the alternative in a sum in excess of One Hundred Fifty Thousand Dollars ($150,000.00) plus punitive damages, interest, costs, attorney fees, and damages for delay.

### COUNT VII

### PLAINTIFFS
### v.
### ALL DEFENDANTS

Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 76 the same as if set forth at length herein.

77.     The acts of defendants alleged in the proceeding paragraphs constitute violations of plaintiffs' Constitutional rights under the Fourth and Fourteenth Amendments and 42 U.S.C. §1983.

78.     Plaintiff is entitled to attorney fees for the work performed by their attorneys in this action pursuant to 42 U.S.C. §1988.

WHEREFORE, plaintiff demands judgment against defendants, jointly, severally and in the alternative in a sum in excess of One Hundred Fifty Thousand Dollars ($150,000.00) plus punitive damages, interest, costs, attorney fees, and damages for delay.

### COUNT VIII

### JURY DEMAND

Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 78 the same as if set forth at length herein.

79.     Plaintiff demands a trial by jury.

19

WHEREFORE, plaintiff demands judgment against defendants, jointly, severally and in the alternative in a sum in excess of One Hundred Fifty Thousand Dollars ($150,000.00) plus punitive damages, interest, costs, attorney fees, and damages for delay.

Respectfully submitted,

CRYSTLE, ALLEN & BRAUGHT, LLC

By: _____
Kevin C. Allen, Esquire
Attorney for Plaintiffs
Attorney I.D. No.  55232
143 North Duke Street
Lancaster, PA 17602
Telephone:  (717) 393-0600
Facsimile:  (717) 396-1028

**VERIFICATION**

I, _Thomas Benjamin_, verify that the statements made in the **CIVIL ACTION**

**COMPLAINT** are true and correct to the best of my knowledge information and belief. The

undersigned understands that false statements herein are made subject to the penalties of the 18

PACSA §4904 relating to unsworn falsification to authorities.

Date: _10-21-11_

Thomas Benjamin