IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|   |   |
|---|---|
| JOSHUA BENJAMIN, a minor, by THOMAS BENJAMIN and JANET BENJAMIN, : : : : | |
| Plaintiffs, : | CIVIL ACTION |
| v. : : | NO. 12-0585 |
| JAMES B. FASSNACHT, *et al.*, : Defendants. : : | |

MEMORANDUM AND ORDER

**RUFE, J.**                                                                                           August 1, 2012

Plaintiffs Joshua Benjamin, a minor, and his parents, Thomas and Janet Benjamin, allege that Defendants violated Joshua's due process rights when they subjected him to an unreasonable search and seizure, an unlawful detention, and an unlawful strip search. Plaintiffs seek money damages pursuant to 42 U.S.C. § 1983 and a state-law claim of intentional infliction of emotional distress. Two of the Defendants, Pennsylvania State Police Officers James B. Fassnacht and Brian Bray, have moved to dismiss the claims asserted against them.[1] The motion will be granted.

**I.     BACKGROUND**

The Complaint alleges the following facts. On July 2, 2009, Defendant Fassnacht responded to a call about an alleged incident between Joshua, who was then 12 years old, and his

---

[1] The Complaint identifies Bray only as Corporal Bray. See, e.g., Compl. ¶¶ 5, 18. In Defendants' Memorandum, Bray is identified as "Corporal Brian Bray." Defs.' Memo. in Supp. of Mot. to Dismiss at 1. The remaining named Defendants, Lancaster County, David Mueller, Carole Trostle, and Drew Fredericks have filed an answer and affirmative defenses to Plaintiffs' Complaint. There are also two "Doe" defendants listed in the Complaint who have not been identified.

neighbors.[2] The next day, Fassnacht told Joshua's parents that charges would be filed at a later date.[3] On July 24, 2009, Fassnacht called Mr. Benjamin to advise him that a warrant had been issued for Joshua's arrest and threatened to arrest Mr. Benjamin if he did not cooperate.[4] That day, Mr. Benjamin brought Joshua to a Pennsylvania State Police Barracks, where Joshua was taken into custody by Defendants Fassnacht and Corporal Brian Bray.[5] Joshua was transported by Defendant Bray to the Lancaster County Juvenile Intervention Center.[6]

While in the Intervention Center, Joshua was ordered by Defendants John and Jane Doe to remove all his clothes and was subjected to a strip search.[7] Joshua was held at the Intervention Center from Friday evening, July 24, 2009, until Monday morning, July 27, 2009.[8] After a hearing, Joshua was released to his parents without any restrictions.[9]

Plaintiffs assert claims against Fassnacht and Bray in two counts of the Complaint. Count I alleges that Defendants Fassnacht and Bray violated Joshua's constitutional rights by unlawfully arresting and detaining him.[10] Count V alleges a state-law claim of intentional

---

[2] Compl. ¶ 13.

[3] Compl. ¶ 14. The Complaint alleges that during all relevant times, Fassnacht and Bray were Pennsylvania State Police Officers and were acting in their capacities as the agents, servants, and employees of the Pennsylvania State Police. Compl. ¶¶ 4-5.

[4] Compl. ¶¶ 15-16.

[5] Compl. ¶¶ 17-18.

[6] Compl. ¶ 19.

[7] Compl. ¶ 20.

[8] Compl. ¶ 23.

[9] Compl. ¶ 24.

[10] Compl. ¶¶ 39-41. Although Count I is purportedly brought by "Plaintiffs" the only alleged harm is to Joshua.

infliction of emotional distress by Janet and Thomas Benjamin against all Defendants.[11]  Moving Defendants argue that the statute of limitations, the Eleventh Amendment, and the Pennsylvania Sovereign Immunity Statute bar the claims asserted against them.

II.   STANDARD OF REVIEW

  A.   Motions Filed Pursuant to Federal Rule of Civil Procedure 12(b)(1)

Where a party asserts that the Eleventh Amendment of the United States of Constitution deprives a federal court of subject matter jurisdiction, "the motion may properly be considered a motion to dismiss the complaint for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1)."[12]  "At issue in a Rule 12(b)(1) motion is the court's 'very power to hear the case.'"[13]  Where a defendant does not challenge the truthfulness of the facts material to a jurisdictional analysis, a court evaluates the motion as a facial attack, accepting the factual allegations as true to determine whether the facts as alleged provide a basis for the court's subject matter jurisdiction.[14]

  B.   Motions Filed Pursuant to Federal Rule of Civil Procedure 12(b)(6)

Pursuant to Federal Rule of Civil Procedure 12(b)(6), dismissal of a complaint for failure to state a claim upon which relief can be granted is appropriate where a plaintiff's "plain

---

[11] Compl. ¶¶ 71-74.

[12] Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 693 n. 2 (3d Cir. 1996); see also Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 98-100 (1984).

[13] Petruska v. Gannon Univ., 462 F.3d 294, 302 (3d Cir. 2006) (quoting Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977)).

[14] Id. at 302 n. 3.

statement" lacks enough substance to show that he is entitled to relief.[15] In determining whether a motion to dismiss should be granted, the court must consider only those facts alleged in the complaint, accepting the allegations as true and drawing all logical inferences in favor of the non-moving party.[16] Courts are not, however, bound to accept as true legal conclusions couched as factual allegations.[17] Something more than a mere *possibility* of a claim must be alleged; rather plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."[18] The complaint must set forth "direct or inferential allegations respecting all the material elements necessary to sustain recovery under *some* viable legal theory."[19] The court has no duty to "conjure up unpleaded facts that might turn a frivolous . . . action into a substantial one."[20]

III. DISCUSSION

A. Statute of Limitations

Pennsylvania's two-year statute of limitations for personal-injury claims applies both to the § 1983 claims[21] and to the claim for intentional infliction of emotional distress.[22]

---

[15] Bell Atl. Corp. Twombly, 550 U.S. 544, 557 (2007).

[16] ALA, Inc. v. CCAIR, Inc., 29 F.3d 855, 859 (3d Cir. 1994); Fay v. Muhlenberg Coll., No. 07-4516, 2008 WL 205227, at * 2 (E.D. Pa. Jan. 24, 2008).

[17] Twombly, 550 U.S. at 555, 564.

[18] Id. at 570.

[19] Id. at 562 (quoting Car Carriers, Inc. v. Ford Motor Co., 745 F.2d 1101, 1106 (7th Cir. 1984)).

[20] Id. (internal quotation and citation omitted).

[21] Lake v. Arnold, 232 F.3d 360, 368 (3d Cir. 2000).

[22] See Osei-Afriyie v. Med. Coll. of Pa., 937 F.2d 876, 884 (3d. Cir. 1991) (affirming a jury instruction requiring a separate finding as to whether parents' claim was timely); Apicella v. Valley Forge Military Acad. & Junior Coll., 630 F. Supp. 20, 23 (E.D. Pa. 1985) (quoting Olivieri v. Adams, 280 F.Supp. 428, 429 (E.D. Pa. 1968)).

Pennsylvania's tolling rules also apply.[23]  Because all of the events at issue happened between July 2, 2009 and July 27, 2009, and the Complaint was not filed until February 3, 2012, the two-year limitations period bars the claims unless the running of the statute of limitations is tolled.

Under Pennsylvania law, a minor's claims are tolled until he or she turns eighteen, after which the applicable statute of limitation begins.[24]  This suit was filed while Joshua is still a minor, so his claims are timely.  The claims of the parents are tolled only if they are derivative of Joshua's claims.[25]  If they are separate claims that may, or may not, succeed on their own merits, then they cannot benefit from tolling.[26]  Thomas and Janet Benjamin have not alleged any violation of § 1983 on their own behalf, so as to assert a derivative claim, and as the claim for intentional infliction of emotional distress may be brought separately of any claim of Joshua's, it is not derivative.[27]  Because the Complaint is not clear as to whether Thomas and Janet Benjamin are attempting to assert a derivative claim, leave to amend will be granted.

**B.    The Eleventh Amendment Bars § 1983 Claims Against the Pennsylvania State Police Defendants in Their Official Capacities, but not in Their Individual Capacities**

Because Plaintiffs seek only money damages, and not injunctive relief, the Eleventh Amendment bars a § 1983 claim against Defendant Trooper James B. Fassnacht and Defendant

---

[23] Bd. of Regents of Univ. of State of N.Y. v. Tomanio, 446 U.S. 478, 483 (1980).

[24] See Bond v. VisionQuest, 410 F. App'x 510, 513 (3d Cir. 2011); Lake, 232 F.3d at 366.

[25] See Apicella, 630 F. Supp. at 23.

[26] See Osei-Afriyie, 937 F.2d at 883-84.

[27] See id. Although Thomas and Janet Benjamin characterize their claim as a "derivative claim arising from their son's injuries," Compl. ¶ 3, they fail to assert any derivative claim in their §1983 claim against Defendants Fassnacht and Bray. Compl. ¶¶ 40-50.

Corporal Brian Bray in their official capacities.[28] Eleventh Amendment immunity does not extend to claims brought against Defendants in their individual capacities.[29] Because it is not clear whether the suit has been brought against Defendants Fassnacht and Bray in their official or individual capacities, the Court will dismiss the § 1983 claims and grant Plaintiffs leave to amend, if appropriate, to allege a claim against these Defendants in their individual capacities.[30]

C. **Plaintiffs' State Law Claims of Intentional Infliction of Emotional Distress are Barred by Pennsylvania's Sovereign Immunity Clause**

Even if the claim for intentional infliction of emotional distress were not time-barred, the claim must be dismissed as to Fassnacht and Bray pursuant to Pennsylvania's Sovereign Immunity doctrine, which protects employees and agents of the state from damage claims if they were acting within the scope of their duties and the claim does not meet one of the statutorily enumerated exceptions.[31] This immunity applies to both negligent and intentional torts, including intentional infliction of emotional distress, and applies to claims asserted against officials in their individual capacities.[32] Thus, as the Complaint alleges that Fassnacht and Bray were employees of the state acting within the scope of their duties, and as there is no argument

---

[28] Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989).

[29] Hafer v. Melo, 502 U.S. 21, 23 (1991).

[30] Compare Compl. ¶¶ 4-5 (Plaintiffs' allegations against Defendants Fassnacht and Bray do not state how they are being sued); with Compl. ¶¶ 7-10 (Plaintiffs' allegations against remaining Defendants state that they are "being sued individually and in [their] official capacit[ies].")

[31] See 1 Pa. C.S.A. § 2310; 42 Pa. C.S.A. § 8522; Kidd v. Pennsylvania, 37 F. App'x 588, 592 n. 3 (3d Cir. 2002); Dill v. Oslick, No. 97-6753, 1999 WL 508675, at *4 (E.D. Pa. July 19, 1999).

[32] Kidd, 37 F. App'x at 592 n. 3; Dill, 1999 WL 508675, at *4 (citing Holt v. Nw. Pa. Training P'ship Consortium, Inc., 694 A.2d 1134, 1140 (Pa. Commw. Ct. 1997)).

that one of the statutory exceptions applies, Count V must be dismissed as to these Defendants.[33]

## IV.     CONCLUSION

The claim for intentional infliction of emotional distress against Defendants Fassnacht and Bray will be dismissed with prejudice. All other claims against these Defendants will be dismissed without prejudice, and Plaintiffs are granted leave to file an amended complaint. An order will be entered.

---

[33] The Complaint alleges for both Fassnacht and Bray that "at all times relevant ... [Defendant] was acting in his capacity as the agent, servant and employee of the Pennsylvania State Police."  Compl. ¶¶ 4-5